UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:06-cr-0016-SEB-DKL |
| | ) | |
| RAYMOND EARL MARBLEY, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on September 3, 2020, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on October 30, 2020, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On October 30, 2020, defendant Raymond Earl Marbley appeared in person with his appointed counsel, Bill Dazey. The government appeared by MaryAnn Mindrum, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Tasha Taylor, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Marbley of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Marbley questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition had been provided to Mr. Marbley and his counsel, who informed the court they had reviewed the Petition and that Mr. Marbley understood the violations alleged. Mr. Marbley waived further reading of the Petition. The court summarized the allegations.

3. The court advised Mr. Marbley of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Marbley was advised of the rights he would have at a preliminary hearing. Mr. Marbley waived his right to a preliminary hearing.

4. The court advised Mr. Marbley of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5. Mr. Marbley, by counsel, stipulated that he committed Violation Number 1, as to counts 2 and 5 of the state charges, as set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | "The defendant shall not commit another federal, state, or local crime." |

On September 1, 2020, Mr. Marbley was charged in Marion County, Indiana, with Count 1, Criminal Confinement, felony; Counts 2 and 3, Intimidation, felonies; Count 4, Battery Resulting in Bodily Injury, misdemeanor; and Count 5, Domestic Battery, misdemeanor. The charges are pending in the Marion County Superior Court 21 under cause number 49G21-2009-FD-027393.

According to the Affidavit for Probable Cause, in the early morning hours of August 29, 2020, officers from the Indianapolis Metropolitan Police Department (IMPD) were dispatched to the residence of R.P., the cousin of the offender, with whom he lived. She reported officers had been to the residence in the evening of August 28, 2020, as a result of her reporting her vehicle stolen by the offender. Eventually, Mr. Marbley returned to the apartment with the vehicle, R.P. confronted him, and an altercation pursued. Allegedly, the offender physically assaulted R.P. by punching her in the face multiple times, made threats to "put a hole in your chest" while holding scissors to her neck, and restrained her to a sofa. Officers observed R.P. with a cut between her eyebrows and a bloody nose. In the presence of officers, Mr. Marbley allegedly told R.P. he would kill her, as well as told her he would have his children come to harm her. A No Contact order was issued on September 1, 2020, which prohibits the offender from having any contact with R.P.

6. The court placed Mr. Marbley under oath and directly inquired of Mr. Marbley whether he admitted violation 1 as to counts 2 and 5 of the state charges set forth above. Mr. Marbley admitted the violations.

7. The parties and the USPO further stipulated that:

    (a) The highest grade of Violation (Violation 1) is a Grade A violation (U.S.S.G. § 7B1.1(b)).

    (b)  Mr. Marbley's criminal history category is IV.

    (c)  The range of imprisonment applicable upon revocation of Mr. Marbley's supervised release, therefore, is 24 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

  8. The parties agreed that revocation is mandatory in this case. The parties proposed a term of imprisonment of eighteen (18) months with no supervised release to follow. The court, having heard the admissions of the defendant, the agreement of the parties and the USPO, NOW FINDS that the defendant, RAYMOND EARL MARBLEY, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is REVOKED, and he is sentenced to the custody of the Attorney General or his designee for a period of eighteen (18) months with no supervised release to follow.

 The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation. The Magistrate Judge will make a recommendation of placement at Terre Haute.

 Counsel for the parties and Mr. Marbley stipulated in open court waiver of the following:

 1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

 2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure59(b)(2).

 Counsel for the parties and Mr. Marbley entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation

hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Marbley's supervised release, imposing a sentence of imprisonment of eighteen (18) months with no supervised release to follow, and makes a recommendation of placement at Terre Haute.

IT IS SO RECOMMENDED.

Date: 11/12/2020

_____
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system